IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 10 B 37929 |
| Achsah Jones ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| ) | |
| Achsah Jones ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. NO. 10 AP 01752 |
| Homeq Servicing ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.  The Parties**

1. The Plaintiff is Achsah Jones ("Plaintiff").

2. The Defendant is Homeq Servicing ("Defendant").

**B.  Factual Background**

1. On or about August 24, 2010, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 14311 Page Avenue, Dixmoore, IL 60426.

3. That Homeq Servicing holds a first mortgage lien on the real property commonly known as 14311 Page Avenue, Dixmoore, IL 60426, with a secured claim of $148,890.00 pursuant to the Plaintiff's credit report. A proof of claim was not filed for the first mortgage lien.

4. The Defendant holds a second mortgage lien on the real property known as 14311 Page Avenue, Dixmoore, IL 60426 in the approximate amount of $36,997.59 pursuant to the proof of claim, claim 6-1, filed on October 6, 2010.

5. That the Plaintiff obtained an appraisal of the property on August 28, 2010 indicating the value of 14311 Page Avenue, Dixmoore, IL 60426 as $145,000.00.

6. The first mortgage lien of Homeq Servicing is a secured claim based on the mortgage recorded on January 30, 2007 as document number 0703057216 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of Homeq Servicing is a claim based on the mortgage recorded on January 30, 2007 as document number 0703057217 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $550.00 per month.

9. Homeq Servicing will be paid approximately $18,000.00 for the arrearage on the first mortgage on the real estate that is the subject of this proceeding.

10. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claim.

11. The Plaintiff's Chapter 13 Plan states at Section G paragraph 3, "that due to the lack of equity in Debtor's primary residence located at 14311 Page Ave., Homeq's second lien will be paid as an unsecured creditor. Homeq shall retail its junior lien on Debtor's real property, until the earlier of: a) the payment of the underlying debt under nonbankruptcy law; or b) discharge under Section 1325, at which time the lien shall be deemed released." The claim is wholly unsecured.

12. On September 2, 2010, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 14311 Page Avenue, Dixmoore, IL 60426.

13. That on September 2, 2010, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 200 Park Ave., New York, NY 10166, and upon the registered agent at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

14. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

15. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

16. No evidence has been presented to challenge the appraised value of $145,000.00.

17. The secured claim of Homeq Servicing in the amount of $148,890.00 exhausts the value and equity in Plaintiff's residence.

18. There is no value and equity to support the claim of the Defendant.

## PROPOSED CONCLUSIONS OF LAW

**A. Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B. Argument**

3.     This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4.     The Debtor scheduled the first Homeq Servicing secured claim in the amount of $148,890.00 and the second Homeq Servicing claim in the amount of $36,796.00.

5.     No proof of claim has been filed for the first Homeq Servicing claim. Pursuant to Plaintiff's credit report, Homeq holds a first lien on Plaintiff's property in the amount of $148,890.00, this is based on the figure reported to the major credit bureaus prior to the filing of the voluntary petition.

6.     On October 7, 2010 Homeq Servicing filed a proof of claim for their second lien on Plaintiff's property in the amount of $36,997.59. The second claim of Homeq Servicing in the amount of $36,997.59 is second in priority.

7.     That value of Plaintiff's residence is $145,000.00.

8.     As there is no value or equity to support the second priority lien of Homeq Servicing, the second Homeq Servicing claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan my value the collateral under F. R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Respectfully submitted,

/s/ Nicholas R. Perino
Attorney for the Debtor/Plaintiff

Robert J. Semrad & Associates
20 South Clark Street
28th Floor
Chicago, Illinois 60603
(312) 913-0625

Enter:

10/29/10                OCT 29 2010